

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-21-00169-CV

## IN RE JOHN PAUL JENKINS

---

## Original Proceeding

## From the 170th District Court of
## McLennan County, Texas
## Trial Court Cause No. 2019-1730-4

---

## MEMORANDUM OPINION

---

John Paul Jenkins has filed a petition for a writ of mandamus to require the trial

court to withdraw an order for him to pay appellate attorney's fees to Karen Lemus, his

children's mother.[1] Jenkins argues that the trial court abused its discretion by awarding

the attorney's fees because the evidence was insufficient to establish that the fees were

necessary for the safety and welfare of the children, that the trial court erred by not

---

[1] The appeal of the underlying proceeding that serves as the basis for the request for appellate attorney's fees is at issue in our Cause No. 10-21-00049-CV, In the Interest of J.B.J., L.M.J., and J.I.J., Children.

awarding the attorney's fees conditionally, and that the award was improper because it exceeded the amount requested. Because we find that the trial court abused its discretion because the evidence was insufficient, we conditionally grant the writ.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy which will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Also, challenges to the legal and factual sufficiency of the evidence are relevant factors in our assessment of whether or not the trial court abused its discretion. *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding). "Thus where, as here, an abuse-of-discretion standard applies, we must engage in a two-pronged inquiry, asking (1) whether the trial court had sufficient information on which to exercise its discretion; and, if so, (2) whether the trial court erred in its application of discretion based on that information." *Id*.

The attorney's fees were awarded pursuant to Section 109.001(a)(5) of the Texas Family Code. *See* TEX. FAM. CODE §109.001(a)(5). The family code mandates that temporary orders such as the one at issue in this proceeding "are not subject to

interlocutory appeal." TEX. FAM. CODE §109.001(c). "A party may seek review of the trial court's temporary order under [section 109.001] by (1) petition for writ of mandamus; or (2) proper assignment in the party's brief." *Id*. §109.001(b-5). When, as here, a trial court's temporary orders under Section 109.001 require the immediate payment of attorney's fees, review of the award during a pending appeal does not provide an adequate remedy at law. *In re Jafarzadeh*, No. 05-14-01576-CV, 2015 Tex. App. LEXIS 7, 2015 WL 72693, at *1 (Tex. App.—Dallas Jan. 2, 2015, orig. proceeding) (mem. op.). Therefore, in this case, mandamus review is appropriate. *See Rogers*, 370 S.W.3d at 445.

### TEMPORARY ORDERS FOR PAYMENT OF ATTORNEY'S FEES

In his first issue, Jenkins contends that the trial court abused its discretion in granting the temporary order for attorney's fees because there was insufficient evidence that the award of attorney's fees was necessary for the safety and welfare of the children during the pendency of his appeal. Here, the trial court unconditionally ordered Jenkins to pay Lemus $10,000 for her appellate attorney's fees.

A trial court may order the payment of attorney's fees for appeal when "necessary for the safety and welfare of the child[ren]." *See* TEX. FAM. CODE §109.001(a)(5). The trial court's order contained a finding that attorney's fees were "necessary for her counsel to properly prepare for appeal and to protect the best interest of the children." However, the best interest of the children is not the proper standard under section 109.001; instead, "the trial court must consider only those matters that affect the 'safety and welfare of the child

during the pendency of the appeal.'" *In re Wiese*, 03-15-00062-CV, 2015 Tex. App. LEXIS 8397, 2015 WL 4909929, at *3 (Tex. App.—Austin Aug. 12, 2015, orig. proceeding) (mem. op.). Section 109.001 does not authorize a trial court to make a temporary order for payment of attorney's fees "for a purpose other than the safety and welfare of the child." *See id.* Although it appears that the trial court applied the incorrect standard, Jenkins' complaint considers the evidence as it relates to the safety and welfare of the children and does not complain of the improper standard set forth in the order. Our review will do the same.

As the party seeking a temporary order for appellate attorney's fees, Lemus had "the burden of showing that the requested temporary order—e.g., to pay attorney's fees— is necessary for the safety and welfare of the children." *Rogers*, 370 S.W.3d 443 at 446. Here, Lemus testified that she was working full-time and her take-home income was approximately $3,400 per month. She was living with her children and parents in California. Her parents contributed $2,000 each month to the household expenses. Lemus testified that she was able to afford her rent ($2,100), utilities ($400), and grocery expenses ($1,600 which included the cost of her parents and eating out once or twice each weekend) each month. Lemus testified that she was unable to afford vacations or museum trips and had no savings, but there was no evidence of anything the children would be needing or lacking if the trial court did not award the attorney's fees. Rather, Lemus testified that she had no issues with providing a residence or necessaries for the children but was

concerned that she would have problems in the event of an emergency, such as a flat tire. In the three months prior to the hearing for the attorney's fees, Lemus testified that she had received some direct payments for child support from Jenkins and his first Covid stimulus check from the federal government as support; however, the amounts of the payments were not disclosed or included as part of her monthly income. Lemus had incurred debt in order to pay her attorney's fees for the underlying proceedings, but she testified that she was able to make payments on that debt. There was no testimony that she would be unable to hire counsel for the appeal if the trial court denied her request for attorney's fees. She had consulted one appellate attorney who required a retainer of $7,500. She did not present any documentary evidence or any other evidence of any other expenses of her or the children. The evidence presented was that after the expenses she listed, not taking into account any support payments she had received, Lemus had $1,300 left over per month.

We have found no authority that defines what is "necessary for the safety and welfare" of the children. However, it has been found not to be based on disparate earning capacity or for purposes of "leveling the playing field." *See Wiese*, 2015 Tex. App. LEXIS 8397, 2015 WL 4909929, at *2. As stated above, it is not based on the best interest of the children. There was no evidence that the children's safety or welfare was at stake or in jeopardy if the attorney's fees were not awarded. We find that the evidence presented was insufficient for the trial court to find that the attorney's fees in the temporary order

were "necessary for the safety and welfare" of the children. Because of this, we find that the trial court abused its discretion. We sustain Jenkins's first issue. Because of our resolution of this issue, we do not reach issues two and three.

## CONCLUSION

We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its "Order on Motion for Temporary Orders Pending Appeal" signed on April 14, 2021. The writ will issue only in the event the trial court fails to comply within fourteen days from the date of this opinion.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Wright[2]
(Justice Johnson dissenting)
Conditionally granted
Opinion delivered and filed September 8, 2021
[OT06]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.